IN THE UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEREMY SPIVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.: |
| | ) | |
| SERGEANT GUY DRAPER, Individually | ) | |
| and in his Official Capacity as an Officer | ) | |
| for the Carbondale Police Department, and | ) | |
| CITY OF CARBONDALE, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW, Plaintiff, Jeremy Spivey by and through his undersigned attorneys and for his Complaint against Sergeant Guy Draper ("Draper") and the City of Carbondale, states as follows:

## **FACTS**

1. Plaintiff is and was at all relevant times a resident of Jackson County, Illinois.

2. That at all times mentioned herein, Defendant Draper, was employed as an officer for the Carbondale Police Department to perform duties.

3. On or about October 21, 2017, the plaintiff went to Curbside Club in Carbondale, Jackson County, Illinois.

4. While outside the Curbside Club, plaintiff saw some friends and began to have a conversation.

5.  At that time, Draper arrived to the Curbside Club to ensure that it did not exceed maximum occupancy and was up to fire code.

6.  Draper was wearing his Carbondale Police uniform and was acting under color of state law.

7.  After hearing gun shots, Draper began to discharge his firearm in the direction of plaintiff.

8.  At that point, plaintiff dropped to his knees to surrender.

9.  While plaintiff was on his knees, Draper shot plaintiff in the back.

10. Terrified for his life, plaintiff stood up to run away, and at this point, Draper shot him in the side of his neck.

11. Plaintiff did not have a gun on his person at the time he was shot.

12. Plaintiff collapsed behind a vehicle holding his neck and trying to prevent extreme blood loss from his bullet wounds.

13. While sitting behind this vehicle grasping his neck, Draper continued to fire in plaintiff's direction, striking the vehicle.

14. Draper fired at least eleven bullets in the direction of plaintiff.

## (COUNT I – 42 U.S.C. § 1983 – DEFENDANT DRAPER)

15. Plaintiff hereby incorporates paragraphs 1-14 as if fully set forth herein.

16. That the aforementioned acts by the Defendant constituted grossly excessive force in violation of the Plaintiff's fourth amendment rights.

17. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, the Plaintiff suffered, and will continue to suffer, severe personal injuries to his neck, back and body as a whole; he incurred and will continue to incur medical expenses; and he suffered and will continue to suffer permanent disfigurement, loss of a normal life, disability and severe pain and suffering, including physically, mentally and emotionally.

WHEREFORE, Plaintiff, Jeremy Spivey demands judgment against, Defendant, Sergeant Guy Draper in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), including costs, reasonable attorney fees, expert fees, punitive damages, costs and any further relief this Court deems just and proper.

### (COUNT II – DEFENDANT DRAPER – Willful and Wanton)

18. Plaintiff hereby incorporates paragraphs 1-17 as if fully set forth herein.

19. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff in shooting the Plaintiff without just cause.

WHEREFORE, Plaintiff, Jeremy Spivey demands judgment against, Defendant, Sergeant Guy Draper in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), including costs, reasonable attorney fees, expert fees, punitive damages, costs and any further relief this Court deems just and proper.

### (COUNT III - CITY OF CARBONDALE - Indemnification)

20. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1-19 as if fully set forth herein.

21. Pursuant to 745 ILCS 10/9-102, the local governmental entity is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

22. Defendant Draper was acting in the course and scope of his employment at all times referenced in the Complaint.

23. City of Carbondale is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, Plaintiff, Jeremy Spivey demand judgment against Defendant, City of Carbondale for the amount of any judgment entered against Defendant in Counts I and II and for such further relief as this Court deems just and proper.

Respectfully Submitted,


/s/ Derek J. Siegel
Derek J. Siegel #6307618
Jarrod P. Beasley #6274536
Attorneys for Plaintiff
Kuehn Beasley & Young, P.C.
23 South 1st Street
Belleville, IL 62220
Phone:  618.277.7260
Fax:  618.277.7718
dereksiegel@kuehnlawfirm.com
jarrodbeasley@kuehnlawfirm.com